UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cr-00010-RJC-DSC

| | |
|---|---|
| USA ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| DANIEL RAY ROSE (10) ) | |

**THIS MATTER** is before the Court on the government's motion for determination of restitution, (Doc. No. 361), which was deferred at the time of the defendant's sentencing and his response in opposition, (Doc. No. 362). Upon consideration of the briefing by the parties and the entire record of this case, the Court will order restitution as detailed below.

I. BACKGROUND

The defendant pled guilty to conspiring to effect transactions with others' access devices with intent to defraud. (Doc. No. 112: Superseding Indictment at 5-6; Doc. No. 188: Plea Agreement at 1). The defendant stipulated that the loss amount was more than $15,000, but less than $40,000, (Doc. No. 188: Plea Agreement at 2), and admitted his involvement in the fraudulent purchase of a $5,965 trailer and a $16,695 car hauler from Golden Gait Trailers, (Doc. No. 244: Presentence Report at ¶¶ 9-10). The defendant also agreed to pay "full restitution" to all victims "directly or indirectly" harmed by his "relevant conduct." (Doc. No. 188: Plea Agreement at 3).

1

II.      STANDARD OF REVIEW

Under the Mandatory Victim Restitution Act (MVRA), a victim is a person directly and proximately harmed as a result of the commission of a qualifying offense and a defendant must pay the value of the property loss. 18 U.S.C. § 3663A(a)(2) and (b)(1). Additionally, the Court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. 18 U.S.C. § 3663(a)(3).

III.     DISCUSSION

The government requests restitution on behalf of 28 victims of the conspiracy for a total of $254,453.98. (Doc. No. 361: Motion at 2). The defendant objects, faulting the government for filing its motion after the 90-day deferral period and claiming a due process violation if he were held responsible for the entire amount of the conspiracy. (Doc. No. 362: Response at 1-2). The Supreme Court has recognized that a district court retains authority to order restitution after the expiration of the 90-day period provided by 18 U.S.C. § 3664(d)(5). <u>Dolan v. United States</u>, 560 U.S. 605, 608 (2010). Because the defendant pled guilty to a conspiracy offense, he could be properly held responsible for the full amount of loss caused by his co-conspirators. <u>United States v. Newsome</u>, 322 F.3d 328, 340-42 (4th Cir. 2003). However, in the circumstances of this case, the Court will exercise its discretion to apportion liability among co-defendants, 18 U.S.C. § 3664(h), and finds the defendant is responsible for restitution for the loss to Golden Gait Trailers in the amount of $22,660.

**IT IS, THEREFORE, ORDERED** that, pursuant to 18 U.S.C. § 3664(d)(5), and the MVRA, the Judgment, (Doc. No. 324), shall be amended to require restitution directed to the United States District Court Clerk to be paid to Golden Gait Trailers in the amount of $22,660.

The Court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future. The victim's recovery is limited to the amount of its loss as determined in this Order and each defendant's liability for restitution ceases if and when the victim receives full restitution. All other terms of the original Judgment remain unchanged.

The Clerk is directed to certify copies of this order to the defendant, to the United States Attorney, the United States Marshals Service, the United States Probation Office, and the Financial Administration Unit of the Clerk's Office.

Signed: March 29, 2022

Robert J. Conrad, Jr.
United States District Judge

3

Case 3:18-cr-00010-RJC-DSC   Document 397   Filed 03/29/22   Page 3 of 3